# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL LEON HOLDBROOKS,<br>    Petitioner, | Case No. 1:18-cv-183 |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| WARDEN, CORRECTIONAL<br>RECEPTION CENTER, et al.,<br>    Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, who was incarcerated as a result of a post-release control violation when he commenced this action, but apparently is now again on post-release control under the supervision of the Ohio Adult Parole Authority (OAPA),[1] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[2] seeking his "[r]elease from ODRC prison(s) and termination of supervision from APA." (Doc. 3). This matter is before the Court on respondent's unopposed motion to dismiss. (Doc. 6).

## I. Procedural Background

### *State Proceedings*

On April 28, 2010, in the Butler County Court of Common Pleas, Case No. CR2010-01-0094, petitioner, through counsel, pleaded guilty to one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1). (Doc. 5, Ex. 1, at PageID 50-51). The Plea of Guilty and Jury Waiver form that petitioner signed stated in relevant part:

> **Post Release Control:** In addition, a period of supervision by the Adult Parole Authority after release from prison is **mandatory** . . . in this case. . . . If I am

---

[1] An offender search on the website for the Ohio Department of Rehabilitation and Correction (ODRC) reflects that on June 1, 2018, petitioner was released from prison to post-release control. *See* https://appgateway.drc.ohio.gov/OffenderSearch. Petitioner has not provided the Court with an updated address.

[2] Petitioner properly asserts his claims under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that "§ 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentence").

> sentenced to prison for a felony 2 . . . which involved causing or threatening physical harm, I will have mandatory post release control of 3 years.
>
> If I violate any post release control rule or condition, I can receive a more restrictive sanction while I am under post release control and increased duration of supervision or control up to the maximum term. If I violate conditions of supervision while under post release control, the Parole Board can return me to prison for up to nine months for each violation up to a maximum of ½ my original stated prison term, even though I have already served the entire stated prison term imposed upon me by this Court. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the new offense.

(Doc. 5, Ex. 1, at PageID 50-51).

The trial court found petitioner guilty and sentenced him to four years in prison, notified him that post-release control was mandatory "up to a maximum of three (3) years," and ordered petitioner to serve "any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control." (Doc. 5, Ex. 2, at PageID 52). Petitioner did not appeal. (*See* Doc. 6, at PageID 169, 178).

On December 15, 2013, petitioner was released from prison and placed on post-release control. (*See* Doc. 5, Ex. 4, at PageID 63-66). Petitioner violated the terms of his post-release control and, on November 20, 2014, the OAPA imposed a forty-five-day prison sanction. (Doc. 5, Ex. 5, at PageID 67-70). On February 11, 2015, petitioner was again released from prison and placed on post-release control. (Doc. 5, Ex. 6, at PageID 93).

On May 28, 2015, while on post-release control in Case No. CR2010-01-0094, petitioner, through counsel, pleaded guilty in the Butler County Court of Common Pleas, Case No. CR15-03-0408, to one count of possession of heroin, in violation of Ohio Rev. Code § 2925.11. (Doc. 5, Ex. 7, at PageID 114-15). The Plea of Guilty and Jury Waiver form that petitioner signed stated in relevant part:

> **Post Release Control:** In addition, a period of supervision by the Adult Parole Authority after release from prison is . . . **optional** in this case. . . . If I receive a sentence to prison for a felony 3, 4, or 5, I may be given up to 3 years of post release control.
>
> If I violate any post release control rule or condition, I can receive a more restrictive sanction while I am under post release control and increased duration of supervision or control up to the maximum term. If I violate conditions of supervision while under post release control, the Parole Board can return me to prison for up to nine months for each violation up to a maximum of ½ my original stated prison term, even though I have already served the entire stated prison term imposed upon me by this Court. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the new offense.

(Doc. 5, Ex. 7, at PageID 114-15).

The trial court found petitioner guilty and sentenced him to six months in prison and ordered him to serve "any term of post release control imposed by the Parole Board." (Doc. 5, Ex. 8, at PageID 116-17). The trial court further ordered:

> If [petitioner] violates the conditions of supervision while under post release control, the Parole Board can return [petitioner] for up to nine months for each violation for up to a maximum of one half of [petitioner's] original sentence for a total of 3 months even though defendant has already served the entire stated prison term by this Court.

(Doc. 5, Ex. 8, PageID 116-17). Petitioner did not appeal. (*See* Doc. 6, at PageID 169, 178; *see also* Doc. 3, at PageID 31).

On November 12, 2015, petitioner was released from prison and placed on post-release control supervision for three years. (*See* Doc. 5, Ex. 10, at PageID 122-25). The OAPA consolidated petitioner's remaining 604-day post-release-control term from Case No. CR2010-01-0094 with the three-year post-release control term from Case No. CR2015-03-0408 and added petitioner's remaining 627 days of available prison sanction time from Case No. CR2010-01-94 to the ninety-one days of available prison sanction time from Case No. CR2015-03-0408. (Doc. 5, Ex. 11, at PageID 126-27).

3

On September 12, 2016, petitioner was found to have violated the terms of his post-release control, and the OAPA imposed a six-month incarceration sanction. (Doc. 5, Ex. 12, at PageID 128-45). Petitioner was released on post-release control supervision on March 11, 2017. (*See* Doc. 5, Ex. 13, at PageID 146-48).

On January 2, 2018, petitioner was again found to have violated the terms of his post-release control. (Doc. 5, Ex. 14, at PageID 149). The OAPA imposed a sanction of 150 days incarceration for the violation. (Doc. 5, Ex. 14, at PageID 149-63). From the ODRC website, it appears that petitioner was released to post-release control supervision on June 1, 2018.

*Federal Habeas Corpus Petition*

Petitioner initiated the instant federal habeas corpus action in March 2018. In two nearly identical grounds for relief, he asserts that he has served all sentencing and sanction time available to the OAPA. (Doc. 3, at PageID 34, 36). Although not entirely clear, it appears that petitioner contends that the OAPA lacked authority to impose the 150-day prison term sanction he was serving at the time he filed his petition because he had already served all sentencing and sanction time available to the OAPA. (*See* Doc. 3, at PageID 34, 36). As previously stated, petitioner seeks "release from ODRC prison(s) and termination of supervision from APA." (Doc. 3, at PageID 44).

Respondent has moved to dismiss, arguing that petitioner's claims are unexhausted, time-barred to the extent they challenge the trial court's original imposition of post-release control, and without merit. (Doc. 6, at PageID 172-86). Petitioner has not filed a response.

**II.   MOOTNESS**

As an initial matter, this Court addresses its continued jurisdiction to consider this case in light of petitioner's apparent release from prison to post-release control on June 1, 2018. *See*

*Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) ("The Constitution's case or controversy requirement confines the jurisdiction of the courts to 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character.'") (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Petitioner's habeas petition seeks not only his release from "ODRC prison(s)," but also the "termination of supervision from APA [Ohio Adult Parole Authority]." (Doc. 3, at PageID 44). As petitioner remains under the supervision of the OAPA, his release from prison in June 2018 to post-release control does not render his habeas corpus petition moot.

## III. THE PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE ON EXHAUSTION GROUNDS.

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480,

483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Petitioner concedes in his petition that he has not presented his claims to the state courts. (*See* Doc. 3, at PageID 34). Because petitioner has never presented his claims to the state courts for their consideration, this case does not involve a mixed petition containing both exhausted and unexhausted claims. This Court may require petitioner to return to the state courts to exhaust his claims as long as an avenue of relief still remains open to him there.

"In Ohio, 'habeas corpus is available where an individual's maximum sentence has expired and he is being held unlawfully.'" *Gilbert v. CCA Halfway House*, No. 2:16-cv-781, 2016 WL 4417494, at *3 (S.D. Ohio Aug. 19, 2016) (Jolson, M.J.) (Report & Recommendation) (quoting *Morgan v. Ohio Adult Parole Auth*., 626 N.E.2d 939, 941 (1994)), *adopted* 2016 WL 476914 (S.D. Ohio Sept. 13, 2016) (Graham, J.). Further, "claims challenging parole revocations may be raised in a state habeas corpus petition pursuant to Ohio Rev. Code § 2725.01 *et seq.*, or in a state writ of mandamus pursuant to Ohio Rev. Code § 2731.01 *et seq.*"

*Boswell v. Warden, Lebanon Corr. Inst.*, No. 1:07-cv-702, 2008 WL 4411416, at *9 (S.D. Ohio Sept. 29, 2008) (and cases cited therein). As such, petitioner's claims−that the OAPA lacked authority to impose the 150-day prison term sanction because he had already served all sentencing and sanction time available to the OAPA−could conceivably be challenged through either a writ of mandamus or state habeas corpus action.[3]

Moreover, to the extent that petitioner seeks to challenge the trial court's original imposition of post-release control in Case Nos. CR2010-01-0094 and/or CR15-03-0408, review in the state courts may still be available through a delayed direct appeal. *See* Ohio R. App. P. 5(A); *see also Hamilton v. Warden, Chillicothe Corr. Inst.*, No. 1:12-cv-124, 2013 WL 3050683, at *4, *6 (S.D. Ohio June 17, 2013) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (recommending dismissal of the habeas petition because the petitioner had failed to exhaust the available remedy of a delayed appeal to the Ohio Court of Appeals), *adopted*, 2013 WL 3467142 (S.D. Ohio July 10, 2013) (Beckwith, J.).

Because it appears that there are available avenues of relief in the state courts for petitioner to exhaust his claims for federal habeas relief, the Court must next address whether the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.).

---

[3]"Any uncertainty whether the courts of Ohio will consider petitioner's habeas claim on the merits is not substantial enough to render resort to state process futile." *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). "Nor does it obviate the need to give the courts of Ohio a fair opportunity to pass upon and correct any constitutional deficiency." *Id*.

7

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions, will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009). *But cf. Heleva v. Brooks*, 581 F.3d 187, 191-92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition

while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

However, in *Hickey v. Hoffner*, 701 Fed. App'x 422, 426 (6th Cir. June 30, 2017), the Sixth Circuit considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.* at 426-27.

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

9

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In this case, it would be inappropriate to issue a stay rather than dismiss the case without prejudice. Petitioner has not moved for a stay nor responded to respondent's motion to dismiss; nor has petitioner shown good cause for his failure to exhaust his state court remedies prior to filing his federal habeas petition. Although petitioner appears to assert in his petition that the Court should excuse his failure to exhaust because the OAPA's January 3, 2018 imposition of the 150-day prison term sanction was time-sensitive (*see* Doc. 3, at PageID 34), petitioner has not demonstrated that he could not have meaningfully presented his claims to the state courts within the 150-day period. Indeed, recognizing that "[t]he logical result of such a proposition would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences," this Court has previously rejected a similar futility argument. *See Wright v. Ohio*, No. 3:09-cv-306, 2009 WL 2949854, at *1 (S.D. Ohio Sept. 11, 2009). Absent a showing of good cause from petitioner and with no indication that a stay is warranted in the record before the Court, the undersigned finds that the petition should be dismissed without prejudice to renewal upon petitioner's exhaustion of his state remedies.

Accordingly, in sum, after weighing the *Rhines* factors, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 6) be **GRANTED** and the petition be **DISMISSED** without prejudice on the ground that petitioner has failed to exhaust available remedies in the state courts. Because the Court recommends dismissal on exhaustion grounds, the Court does

not address respondent's alternative limitations and merits arguments.[4]

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** without prejudice to refiling after petitioner exhausts his state court remedies.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion of such remedies.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] To the extent that petitioner raises timely claims in this action, the Court is not unsympathetic to the possibility that petitioner may face statute-of-limitations issues should he renew his petition upon exhaustion of his state remedies. Where appropriate, a petitioner may be entitled to equitable tolling if he diligently exhausts his remedies and promptly returns to federal court. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002).

[5] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL LEON HOLDBROOKS,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, CORRECTIONAL<br>RECEPTION CENTER, et al., | Case No. 1:18-cv-183<br><br>Dlott, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).